**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY BLACK & DECKER, INC., THE BLACK & DECKER CORPORATION, and BLACK & DECKER (U.S.) INC. d/b/a DEWALT INDUSTRIAL TOOL CO., | **Case No. 1:22-cv-3135** |
| Plaintiffs, | |
| v. | |
| JCB INC., JCB MANUFACTURING, INC., VIRTUAL SUPPLY, INC. d/b/a BLUEDEALZ, and YELLOW & BLACK TOOLS LTD., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiffs, Stanley Black & Decker, Inc., The Black & Decker Corporation, and Black & Decker (U.S.) Inc. d/b/a DeWalt Industrial Tool Co. (collectively, "Plaintiffs"), complain of Defendants, JCB Inc., JCB Manufacturing, Inc., Virtual Supply, Inc. d/b/a BlueDealz, and Yellow & Black Tools Ltd. (collectively, "Defendants"), as follows:

## NATURE OF CASE

1.  This Complaint includes claims for trademark infringement under 15 U.S.C. § 1051 *et seq.*; for unfair competition, false designation of origin, and trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); and for Illinois State statutory and common law trademark infringement, unfair competition, and deceptive trade practices.

## PARTIES

2.  Plaintiff Stanley Black & Decker, Inc. ("SBD") is a Connecticut corporation having its principal place of business located at 1000 Stanley Drive, New Britain, Connecticut 06053. SBD is the successor-in-interest to The Stanley Works.

3.      Plaintiff The Black & Decker Corporation ("BDC") is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland 21286.  BDC is a subsidiary of SBD. BDC owns all trademark and trade dress rights relating to products sold under the DEWALT® brand name.

4.      Plaintiff Black & Decker (U.S.) Inc. d/b/a DeWalt Industrial Tool Co. ("BDUS") is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland 21286.  BDUS is the exclusive seller and distributor in the United States of "DEWALT Products" (as that term is defined in paragraph 9 below) and is the United States licensee, from BDC, of all trademark and trade dress rights associated with DEWALT Products.

5.      Defendant JCB Inc. is a Maryland corporation having a place of business at 2000 Bamford Boulevard, Pooler, Georgia 31322. Among other things, JCB Inc. manufactures, offers to sell, sells, promotes, and/or advertises power tools and accessories in the United States and elsewhere under the JCB brand name, including the products accused of infringement in this action.

6.      Defendant JCB Manufacturing, Inc. is a Georgia corporation having a place of business at 2000 Bamford Boulevard, Pooler, Georgia 31322. Among other things, JCB Manufacturing, Inc. manufactures, offers to sell, sells, promotes, and/or advertises power tools and accessories in the United States and elsewhere under the JCB brand name, including the products accused of infringement in this action.

7.      Defendant Virtual Supply, Inc. d/b/a BlueDealz is an Oregon corporation having a place of business at 5825 Southwest Arctic Drive, Beaverton, Oregon 97005. Among other things, Virtual Supply, Inc. d/b/a BlueDealz sells and distributes power tools and accessories in the United

2

States and elsewhere under the JCB brand name, including the products accused of infringement in this action.

8.     Defendant Yellow & Black Tools Ltd. is a private limited company registered under the laws of England and Wales. Yellow & Black Tools Ltd. maintains a registered office at Unit 55, Romsey Industrial Estate, Greatbridge Road, Romsey, United Kingdom, SO51 0HR. Among other things, Yellow & Black Tools Ltd. manufactures, offers to sell, sells, promotes, and/or advertises power tools and accessories in the United States and elsewhere under the JCB brand name, including the products accused of infringement in this action.

**PLAINTIFFS' YELLOW AND BLACK TRADEMARK AND TRADE DRESS RIGHTS**

9.     Plaintiffs are renowned in the United States and around the world as a leading manufacturer and marketer of power tools, battery packs and chargers for power tools, power tool accessories, hand tools, tool kits, storage systems, and a wide variety of other products for home improvement, consumer, industrial, and professional use. Long before Defendants' acts described herein, Plaintiffs marketed, and continue to market, power tools, battery packs and chargers for power tools, power tool accessories, tool kits, and packaging containing these products in connection with the trademarks and trade dress associated with the DEWALT® brand, including the well-recognized and distinctive yellow and black color combination (collectively, "DEWALT Products"). Plaintiffs are associated with, and are the official source of, DEWALT Products.

10.     Trademarks and trade dress associated with the DEWALT Products, including the well-recognized and distinctive yellow and black color combination, appear on Plaintiffs' DEWALT Products, as well as the packaging and advertisements related to such DEWALT Products. Plaintiffs' DEWALT Products have long been desirable and popular.

3

11.     Plaintiffs have invested substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the DEWALT Products.

12.     The DEWALT Products are sold through nearly all the leading department stores, hardware stores, and other legitimate retail outlets such as Home Depot, Lowe's Home Improvement, Ace Hardware, True Value, and other major retailers throughout the United States and in Illinois in this jurisdiction. Additionally, the DEWALT Products are sold on several major retailers' websites, such as HomeDepot.com and Lowes.com, as well as through Amazon.com and Walmart.com. Notably, the products accused of infringement in this action are also sold on Amazon.com and Walmart.com.

13.     Since 1992, Plaintiffs have spent over half a billion dollars promoting the yellow and black color combination used in association with DEWALT Products, and the trademarks and trade dress associated with the DEWALT Products. As a result of Plaintiffs' extensive advertising and promotion of the DEWALT Products, and many billions of dollars in sales, as well as the distinctive yellow and black color scheme, DEWALT Products have become widely and favorably known and recognized in the trade and among professional purchasers and users (as well as "do-it-yourselfers") of such products as originating with Plaintiffs. The yellow and black trademarks and trade dress associated with the DEWALT Products have become indicative of high-quality power tools for use in industrial, commercial, professional, and "do-it-yourself" applications.

14.     As a consequence of these efforts and the enormous popularity of the DEWALT Products, the yellow and black colors used in the entire line of DEWALT Products have long been associated with Plaintiffs by purchasers and potential purchasers of such products. The non-functional color combination alone attracts customers and creates an immediate association with

Plaintiffs' DEWALT Products and quality image.

15.     More than 20 years ago, in 1998, Judge Cacheris of the United States District Court for the Eastern District of Virginia issued an extensive opinion (after a one-week bench trial) finding that Plaintiffs' massive sales and marketing efforts "caused the distinctive yellow and black color scheme on the DeWalt line to achieve consumer recognition soon after its initial launch in the beginning of February, 1992." *Black & Decker (U.S.) Inc. v. Pro-Tech Power Inc.,* 26 F. Supp. 2d 834, 851 (E.D. Va. 1998). "Professional power tool users began to associate yellow and black with DeWalt by March of 1992 and Black & Decker's aggressive marketing efforts certainly caused secondary meaning to arise by May of 1992 – after DeWalt demonstrations had occurred at construction sites and retail stores across the country, media coverage and marketing awards had generated widespread publicity about the DeWalt look, customer after customer had commented on the dramatic new colors in the DeWalt line, and Black & Decker already had sold $24 to $25 million in DeWalt tools." *Id*. (citations omitted).

16.     Survey evidence credited in *Pro-Tech* showed that 95% of the professional power tool users contacted believed that a power tool having yellow and black colors originated with a single source, while 85% of the total correctly associated that color scheme with Black & Decker or DEWALT. *See Pro-Tech*, 26 F. Supp. 2d at 851. Related "likelihood of confusion" surveys also elicited repeated, spontaneous mentions of DEWALT and Black & Decker. *See id*. at 852-853.

17.     As a consequence, Judge Cacheris held that Plaintiffs' DEWALT yellow and black colors enjoy "a level of consumer recognition that parallels the extent to which the public associates golden arches with the McDonald's Corporation." *Pro-Tech,* 26 F. Supp. 2d at 851. The

DEWALT yellow and black color scheme, therefore, has achieved strong secondary meaning.

18.     In a subsequent lawsuit filed by Plaintiffs against Atlas Copco for its use of an infringing yellow and black color scheme, the court in the Eastern District of Virginia entered a Consent Judgment Order on January 2, 2001, which "permanently enjoined" Atlas Copco from "selling, marketing or distributing electric power tools and packaging for such tools having a yellow and black color combination."

19.     On April 10, 2002, the court in the Eastern District of Virginia entered a permanent injunction against other yellow and black tool infringers (Grex Power Tools and Frank Wong) in which Grex acknowledged infringement and that "Black & Decker has valid, enforceable, and protectable trademark and trade dress rights in its yellow and black color scheme for electric power tools and pneumatic tools."

20.     More recently, on August 10, 2011, Plaintiffs filed suit in the Northern District of Illinois against another infringer of their yellow and black trademark and trade dress rights, Positec USA, Inc. (and subsequently RW Direct, Inc. in an amended complaint filed in the same action on August 9, 2012), which copied the DEWALT yellow and black packaging, among other things ("Positec Litigation"). After a jury verdict in Plaintiffs' favor, in early 2016, Positec and RW Direct ceased using the infringing yellow and black colors on their products and packaging.

21.     On November 17, 2020, Plaintiffs filed suit in the Northern District of Illinois against hundreds of defendant internet stores that were selling yellow and black battery packs and chargers for power tools in the United States that infringed Plaintiffs' yellow and black trademark and trade dress rights. Plaintiffs obtained temporary restraining orders against the defendants, wherein said internet stores were taken down from their e-commerce platforms and their U.S.-

based assets were frozen. Said defendants ultimately entered into settlement agreements with Plaintiffs, wherein they undertook to cease the sale of yellow and black battery packs and chargers as replacements for DEWALT battery packs and chargers and/or as compatible with DEWALT power tools.

22.     Over the past 20+ years, Plaintiffs have also sent notice letters to dozens of companies marketing and selling yellow and black power tool products and accessories that infringed upon Plaintiffs' trademark and trade dress rights in their yellow and black color scheme. Each such company has permanently ceased its infringing activity and no longer uses Plaintiffs' iconic and distinctive yellow and black colors on power tool products, power tool accessories, packaging, and the like.

23.     Further, in recent years, Plaintiffs have successfully enforced their yellow and black trademark and trade dress rights associated with the DEWALT Products against hundreds of infringing yellow and black power tools, chargers, and battery packs sold on Amazon.com. From 2021 to 2022 year-to-date alone, for example, Amazon – in response to Plaintiffs' takedown requests – removed from its website (i) more than 125 listings of infringing yellow and black battery packs, (ii) over 200 listings of infringing yellow and black battery pack chargers, and (iii) at least 25 listings of infringing yellow and black power tools.

24.     As demonstrated above, Plaintiffs have made substantial efforts to police the marketplace and protect their interests in and to the yellow and black trademarks and trade dress associated with DEWALT Products. No one other than Plaintiffs and their licensees are authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the yellow and black trademarks and trade dress associated with DEWALT Products (and associated packaging)

without the express written permission of Plaintiffs.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §
1121; 28 U.S.C. § 1331, 1332(a), and § 1338(a)-(b); and 28 U.S.C. § 1367.

26.     This Court has personal jurisdiction over Defendants because, among other things,
they each transact business in this District, for example, by manufacturing, offering to sell, selling,
promoting, and/or advertising the accused products in such a way as to reach customers in Illinois
and this judicial district, including at least through Walmart's retail stores located in this District
and/or Walmart's online website (www.walmart.com), as well as through other online websites
such as Amazon (www.amazon.com; *see also* https://www.amazon.com/stores/JCB/page
/2E865212-A398-43EE-8297-BDDCC5464CB4 (Defendants' Amazon storefront from which
customers can purchase the accused products)).

27.     The accused products are "Sold by" and "Sold and shipped by" Defendant Virtual
Supply, Inc. d/b/a BlueDealz on, for example, Amazon.com and Walmart.com, respectively, to
customers throughout the United States, including in Illinois and this judicial district. (*See, e.g.,*
https://www.amazon.com/JCB-Tools-JCB-20JS-B-Jigsaw-Cordless/dp/B07WTQS38J;
https://www.amazon.com/sp?ie=UTF8&seller=AMP860VP2CG0X&isAmazonFulfilled=0&asin
=B07WTQS38J&ref_=dp_mbc_seller; https://www.walmart.com/ip/JCB-Tools-Hammer-Drill-
Driver-Cordless-20-Volts-Drilling-Masonry-Yellow/819904801.)

28.     Further, the registered office address in Romsey, United Kingdom and website of
Defendant Yellow & Black Tools Ltd., www.jcb-tools.com (which redirects to https://jcb-
tools.co.uk/ and states in the "Terms & Conditions" that "We are Yellow & Black Tools Limited

a company registered in England and Wales trading as JCB Tools. Our . . . registered office is at Unit 55 Romsey Industrial Estate, Greatbridge Road, Romsey, United Kingdom, SO51 0HR" (https://jcb-tools.co.uk/terms-conditions)), is listed on Defendants' accused products (and the associated packaging) purchased through Amazon.com and Walmart.com, for example, for delivery in the United States, including Illinois and this judicial district, as shown below:



29.     Each of the Defendants directly targets consumers in the United States, including Illinois and this judicial district, through fully interactive commercial Internet stores that allow Illinois residents to purchase the accused products and ship the accused products to Illinois and this judicial district. Each of the Defendants has sold the accused products to residents of Illinois and is committing tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Illinois.

30.     Each of the Defendants has specifically committed acts of infringement in this judicial district and has purposefully availed itself of the privilege of conducting business with residents of this judicial district. Each of the Defendants has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought into court in Illinois. Accordingly, the exercise of jurisdiction over each of the Defendants comports with the traditional notions of fair play and substantial justice.

31.     Venue is proper in this District under 28 U.S.C. § 1391(b)-(d).

## COUNT I
## FEDERAL TRADE DRESS INFRINGEMENT

32.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

33.     This Court has jurisdiction over the subject matter of this claim, this being a claim of trade dress infringement arising under Section 43 of the Lanham Act, codified in 15 U.S.C. § 1125(a).

34.     This claim is for trade dress infringement of the non-descriptive, non-functional aspects of Plaintiffs' selection, design, and marketing efforts for DEWALT Products.

35.     Plaintiffs have expended considerable time, effort, and resources to design and develop unique and distinctive colors and appearances for their entire family of DEWALT

Products. The yellow and black color scheme has been featured prominently in Plaintiffs' in-store, on-site, and other advertisements and promotions for their DEWALT Products. This unique trade dress has become associated with the success of Plaintiffs' DEWALT Products and has become an indication of a single, high-quality source for those products in the minds of the relevant purchasing public. As a result, this non-descriptive, non-functional trade dress is a valuable, irreplaceable asset of Plaintiffs' business.

36. Long after Plaintiffs' adoption and use of the DEWALT yellow and black color scheme on the DEWALT Products and their packaging, Defendants commenced distributing, advertising, selling, and offering for sale in the United States yellow and black JCB power tools, battery packs and chargers for power tools, and power tool accessories using yellow and black packaging, including without limitation the following and combinations thereof (collectively, Defendants' yellow and black power tools, battery packs and chargers for power tools, power tool accessories, and associated packaging are hereinafter referred to as the "Infringing Goods").

| Product Name | Product Image | Product Name | Product Image |
|---|---|---|---|
| 20V Power Tool Battery USB Adaptor |  | 20V Cordless Oscillating Power Tool |  |
| 12V Compact Drill Driver and Impact Driver |  | 20V Inspection Lamp |  |

| Product Name | Product Image | Product Name | Product Image |
|---|---|---|---|
| 20V Cordless Brushless Impact Driver | | 20V Cordless Brushless Miter Chop Saw | |
| 20V Cordless Hammer Drill Driver | | 20V Cordless Drill Driver | |
| 20V Rotary Impact Hammer Drill | | 20V Cordless Reciprocating Saw | |
| 20V Cordless Jigsaw | | 20V Circular Saw | |
| 20V Lithium-Ion Battery 5.0Ah | | 20V 5" Cordless Random Orbit Sander | |
| 20V Lithium-Ion 4.0Ah Battery | | 20V Lithium-Ion 2.0Ah Battery | |

| Product Name | Product Image | Product Name | Product Image |
|---|---|---|---|
| 5" Angle Grinder 110V |  | 20V 4-1/2-inch Angle Grinder |  |
| Impact Drill Two-Speed 110V |  | 9" Angle Grinder 110V |  |
| 21 Piece Impact Driver Bit Set |  | Miter Saw Stand |  |
| 5 Piece Masonry Drill Bit Set |  | Plier Tool Set |  |
| 4 Piece Multi-Purpose Drill Bit Set |  | 8 Piece Oscillating Multi-Tool Blade Set |  |
| 18 Piece Jigsaw Blades |  | Wood Saw Blade - 2 Piece Set |  |

37.     Exemplary images of Plaintiffs' DEWALT Products and Defendants' Infringing

Goods are shown below.

| Plaintiffs' DEWALT Products | Defendants' Infringing Goods |
|---|---|
| 20V MAX Compact 1/2 in. Hammer Drill  | 20V Cordless Hammer Drill Driver  |
| 60V MAX* Cordless Reciprocating Saw  | 20V Cordless Reciprocating Saw  |
| 20V MAX Cordless Jig Saw  | 20V Cordless Jigsaw  |
| 20V MAX Lithium-Ion 1.5Ah Battery  | 20V Lithium-Ion 2.0Ah Battery  |

| Plaintiffs' DEWALT Products | Defendants' Infringing Goods |
|---|---|
| 12V MAX* Cordless Circular Saw | 20V Circular Saw |
| 20V MAX* XR Multi-Tool | 20V Cordless Oscillating Power Tool |



38.    Defendants also sell their Infringing Goods using yellow and black packaging, such as the 20V Brushless Hammer Drill Driver shown below next to Plaintiffs' iconic DEWALT yellow and black packaging.

| Plaintiffs' DEWALT Yellow and Black Packaging | Defendants' Infringing Yellow and Black Packaging |
|---|---|



39.    Defendants' selection and use of substantially similar colors and overall

appearances for their power tool products and accessories (and associated packaging) is likely to mislead and confuse the public as to the source, sponsorship, and/or affiliation of Defendants' Infringing Goods. Because of the nearly identical look of Defendants' Infringing Goods and packaging to Plaintiffs' non-descriptive, non-functional trade dress associated with Plaintiffs' DEWALT Products and packaging, the public is likely to believe that Defendants' products are affiliated or associated with, or sponsored by, Plaintiffs.

40. As shown below, Defendants could have selected an alternative aesthetic design and achieved the same functionality as their current Infringing Goods.



| Examples of Non-Infringing Goods by Other Competitors | |
|---|---|
| Makita® 12V MAX Driver Drill | Milwaukee® 18V Compact Drill/Drive |
| Ryobi® 18V Cordless Reciprocating Saw | Ridgid® 18V Cordless Reciprocating Saw |
| Hilti® 22V Cordless Jig Saw | Kobalt® 24V Max Cordless Jigsaw |

41. Indeed, on summary judgment in the Positec Litigation, the court in the Northern District of Illinois rejected the defendants' argument that the yellow and black colors in Plaintiffs' trade dress are functional, crediting Plaintiffs' evidence of "leading power tool manufacturers that produce tools without yellow colors, instead using red, teal or green" and "manufacturers [that] produce construction helmets not only in yellow, but also in orange, blue, red and black, thereby undermining [d]efendants' claim that certain colors signify safety in the construction or tool industry." *See Black & Decker Corp. v. Positec USA Inc.*, No. 11-CV-5426, 2015 WL 1543262, at *33 (N.D. Ill. Mar. 31, 2015). *See also Pro-Tech,* 26 F. Supp. 2d at 867 (holding that "the yellow and black color scheme on the DeWalt line of professional power tools constitutes a primarily nonfunctional trade dress").

42. The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiffs' trade dress. Defendants' unauthorized use of their Infringing Goods, which duplicate or otherwise imitate Plaintiffs' unique trade dress, began years after the DEWALT yellow and black color scheme became famous and strongly associated with Plaintiffs, and Defendants continue their infringement despite having full notice and knowledge of Plaintiffs' prior rights. Defendants' use of Plaintiffs' yellow and black color scheme is without Plaintiffs' consent, is likely to cause confusion and mistake in the minds of purchasers, and creates the false impression that Defendants' Infringing Goods are authorized, sponsored, or approved by Plaintiffs.

43. Defendants' wrongful acts will continue unless enjoined by this Court.

44. Plaintiffs have suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Defendants' infringement of Plaintiffs' DEWALT trade dress, in an amount to be determined at trial.

## COUNT II
## <u>TRADEMARK INFRINGEMENT</u>

45.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

46.     Plaintiffs formally introduced the DEWALT line of power tools in January 1992, which has been continuously expanded to include an entire family of DEWALT Products. Besides the superior performance characteristics of such products, Plaintiffs have always sought to associate the DEWALT Products with a distinctive yellow and black color scheme.

47.     Plaintiffs own and have standing to sue for infringement of the family of yellow and black color trademarks associated with the DEWALT Products, including common law trademarks and the following U.S. Trademark Registration Nos. (collectively, the "DEWALT Trademarks"):

| | | | |
|---|---|---|---|
| 1,734,403 | 2,348,073 | 2,737,010 | 3,064,656 |
| 1,734,404 | 2,348,074 | 2,770,444 | 3,064,663 |
| 2,347,976 | 2,437,867 | 2,831,672 | 3,064,666 |
| 2,347,981 | 2,447,316 | 2,901,234 | 3,064,671 |
| 2,347,982 | 2,447,318 | 2,902,806 | 3,066,990 |
| 2,347,983 | 2,447,319 | 2,909,314 | 3,066,991 |
| 2,348,049 | 2,447,321 | 2,999,545 | 3,067,004 |
| 2,348,050 | 2,447,322 | 3,064,649 | 3,727,526 |
| 2,348,051 | 2,447,323 | 3,064,650 | 4,062,422 |
| 2,348,052 | 2,447,327 | 3,064,652 | 5,772,583 |
| 2,348,070 | 2,447,328 | 3,064,653 | |
| 2,348,072 | 2,474,794 | 3,064,654 | |

48.     The DEWALT Trademarks are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

49.     Plaintiffs manufacture and sell DEWALT Products bearing the DEWALT Trademarks and have been directly injured by Defendants' infringing activities. Plaintiffs and Defendants directly compete with each other for the sale of power tool and power tool accessory

products in the United States.

50.     Plaintiffs have standing to sue for infringement of the DEWALT Trademarks-in-suit because they collectively own all right, title, and interest in and to the DEWALT Trademarks and Plaintiffs' DEWALT Products sold under those trademarks, including the right to collect for past damages. Plaintiffs have suffered injury from Defendants' acts of trademark infringement.

51.     Plaintiffs' DEWALT Products are sold through nearly all leading hardware stores and major retailers, including Home Depot, Sears, Lowe's and Menard's, throughout the United States, and in Illinois and this judicial district.

52.     As a result of Plaintiffs' extensive advertising and promotion, the DEWALT Products have become widely and favorably known and recognized in the trade and among purchasers and users of such products as originating with Plaintiffs. The DEWALT yellow and black color scheme has become indicative of high-quality power tools, battery packs and chargers for power tools, and power tool accessories for use in industrial, commercial, professional, and do-it-yourself applications. The non-functional color combination alone attracts customers and creates an immediate association with Plaintiffs' DEWALT Products and quality image.

53.     Long after Plaintiffs' adoption and use of the DEWALT yellow and black color scheme on the DEWALT Products and packaging, and long after Plaintiffs' federal registration of their DEWALT Trademarks, Defendants commenced distributing, advertising, selling, and offering for sale in the United States their Infringing Goods. Examples of Defendants' Infringing Goods are shown below compared to specific examples of DEWALT Trademarks.

| Plaintiffs' U.S. Trademarks | | Defendants' Infringing Goods | |
|---|---|---|---|
| Reg. No. | Image[1] | Image | Name |
| 2,347,981 |  |  | 20V Reciprocating Saw |
| 2,348,049 |  |  | 5" Angle Grinder 110V |
| 2,348,051 |  |  | 5" Cordless Random Orbit Sander Power Tool |

54.     Defendants are manufacturing, distributing, advertising, selling, and offering for sale their Infringing Goods into this judicial district and throughout the United States.

55.     The activities of Defendants complained of herein constitute willful and intentional infringement of the DEWALT Trademarks. Defendants' unauthorized use of their Infringing Goods, which duplicate or otherwise imitate the DEWALT Trademarks, began years after the DEWALT yellow and black color scheme had become a famous trademark of Plaintiffs, and Defendants have continued their infringement despite having full notice and knowledge of Plaintiffs' prior rights. Defendants' use of the DEWALT Trademarks is without Plaintiffs' consent, is likely to cause confusion and mistake in the minds of purchasers, and creates the false impression that Defendants' Infringing Goods are authorized, sponsored, or approved by Plaintiffs.

56.     The DEWALT Trademarks are fanciful and arbitrary and are associated in the mind of the public exclusively with Plaintiffs.

57.     Based on Plaintiffs' extensive advertising, sales, and the wide popularity of the

---

[1] Cross-hatching in the registered trademark images above represents the color yellow and solid black represents the color black.

DEWALT Products, the DEWALT Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of, and affiliated with, Plaintiffs.

58. Defendants have copied and imitated the DEWALT Trademarks in connection with selling, distributing, and advertising Defendants' Infringing Goods.

59. Defendants' activities set forth herein constitute use in commerce of the DEWALT Trademarks.

60. Defendants have used the DEWALT Trademarks without Plaintiffs' consent or authorization. Defendants' use, including the sale and distribution of the Infringing Goods in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public falsely to believe that Defendants' Infringing Goods emanate or originate from Plaintiffs, or falsely to believe that Plaintiffs have approved, sponsored, or otherwise associated themselves with Defendants.

61. Defendants have intentionally used the DEWALT Trademarks in connection with their offering for sale, sale, and distribution of goods associated therewith knowing that such trademarks are Plaintiffs' exclusive property.

62. Defendants' conduct is intended to exploit the goodwill and reputation associated with the DEWALT Trademarks.

63. Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants, and the goods they sell, are sponsored by, or affiliated or associated with, Plaintiffs, when Defendants are not.

64. Defendants' unauthorized use of the DEWALT Trademarks as set forth herein has

resulted in Defendants unfairly benefiting from Plaintiffs' advertising and promotion, and profiting from Plaintiffs' reputation and their registered trademarks, to the substantial and irreparable injury of the public, Plaintiffs, the DEWALT Trademarks, and the substantial goodwill represented thereby.

65.     Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

66.     Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiffs, and unless such acts are restrained by this Court, Defendants will continue such acts, thereby causing Plaintiffs to continue to suffer great and irreparable injury.

67.     Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount to be determined at trial.

**COUNT III**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

68.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

69.     This Court has jurisdiction over the subject matter of this claim, this being a claim of unfair competition and false designation of origin arising under Section 43 of the Lanham Act, codified in 15 U.S.C. § 1125(a).

70.     Defendants are fully aware of the popularity of the entire line of DEWALT Products and the clear association of the DEWALT color combination with that line of products. Defendants intentionally copied and offer in interstate commerce power tools, battery packs and chargers for power tools, power tool accessories, and associated packaging that create the same overall visual effect and appearance as the family of tools in Plaintiffs' line of DEWALT Products. Defendants' Infringing Goods were designed to have the same distinctive overall appearance and look as the

22

DEWALT Products and are confusingly similar in total image, appearance, and overall aesthetic look. As a result, the public is, and is likely to be, confused.

71. Defendants have used in commerce, and continue to use in commerce, the DEWALT Trademarks and yellow and black color scheme to unfairly benefit from Plaintiffs' success by selling in this jurisdiction the same products bearing the same yellow and black colors.

72. Defendants could have selected alternative colors.

73. Defendants have used Plaintiffs' yellow and black color scheme on their Infringing Goods with the express intent to pass off Defendants' Infringing Goods as those of Plaintiffs and to cause confusion and mistake, and to deceive and mislead the purchasing public into believing that Defendants' products and/or Defendants are authorized, sponsored, affiliated with, or associated with Plaintiffs, and to trade upon Plaintiffs' reputation for high-quality and to improperly appropriate to themselves Plaintiffs' valuable trademark and trade dress rights.

74. Sales of Defendants' Infringing Goods are likely to cause consumer confusion because of the similarity in color, appearance, and look between Defendants' Infringing Goods and Plaintiffs' DEWALT Products. Consumers will believe that Defendants' Infringing Goods are either manufactured, licensed, affiliated with, or sponsored by Plaintiffs, or are being placed on the market with Plaintiffs' consent and/or actual or implied authority. As a result, Plaintiffs have been and will continue to be irreparably injured by Defendants' improper acts.

75. Defendants have willfully and deliberately created such confusion by copying and reproducing the distinctive and unique yellow and black color combination and overall product appearance of Plaintiffs' DEWALT Products; and have advertised and sold, and threaten to advertise and sell, their products so as to cause public confusion and deception. Further,

Defendants' sales and offers for sale of their Infringing Goods have caused and threaten to cause Plaintiffs the loss of their valuable goodwill and reputations for making and selling distinctive, unique, and high-quality power tool products under the DEWALT name and color combination.

76.     Defendants' aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products as those of Plaintiffs in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

77.     Defendants' wrongful acts will continue unless enjoined by this Court.

78.     Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount to be determined at trial.

**COUNT IV**
**STATE STATUTORY AND COMMON LAW TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES**

79.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

80.     This claim arises under the pertinent statutes and common law of this State relating to trademark infringement, unfair competition, and deceptive trade practices. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition and deceptive trade practices joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

81.     Defendants' wrongful conduct constitutes unfair methods of competition and unfair and deceptive acts or practices in trade or commerce and creates a likelihood of confusion, misunderstanding, or deception in the public's mind as to the origin of the parties' products, all in violation of 815 ILCS 505/1 *et seq*., 815 ILCS 510/1 *et seq*., and the common law of Illinois.

Defendants have also been and are engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

82.     Plaintiffs own all right, title, and interest in and to the DEWALT Trademarks, trade dress, trade names, designs, symbols, and logos used by Plaintiffs by virtue of their extensive manufacture and sale of yellow and black products and packaging bearing such trade names, trademarks, designs, symbols, and logos (collectively, Plaintiffs' "common law trademarks"), as set forth in the preceding paragraphs of this Complaint.  In particular, because of their enormous sales and publicity, Plaintiffs have acquired common law trademark rights in and to their yellow and black color scheme for their DEWALT Products.

83.     The Infringing Goods imported, advertised, distributed, offered for sale, and sold by Defendants in the United States incorporate matter constituting replicas and imitations of Plaintiffs' common law trademarks.  Such unauthorized use by Defendants of Plaintiffs' common law trademarks constitutes trademark infringement, unfair competition, and deceptive trade practices, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the goods, and to cause purchasers or potential purchasers to believe that such goods are associated with Plaintiffs when, in fact, they are not.

84.     Defendants have willfully and intentionally misappropriated one or more of Plaintiffs' common law trademarks with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent to palm off their goods as those of Plaintiffs and to place others in the position to palm off their goods as those of Plaintiffs. Accordingly, Defendants have committed trademark infringement, unfair competition, and deceptive trade

practices under the common law.

85.     By such actions in infringing Plaintiffs' common law trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiffs and impairing Plaintiffs' valuable rights in and to such trademarks.

86.     Plaintiffs have no adequate remedy at law.  The conduct of Defendants has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiffs' rights in and to their trademarks and trade dress, and to Plaintiffs' businesses, reputations, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.     That the Court order that each Defendant, its officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be immediately and permanently enjoined from:

(1)     directly or indirectly infringing Plaintiffs' trademarks or trade dress as described above  in any manner including generally, but not limited to, copying, distributing, advertising, selling, and/or offering for sale any merchandise that infringes Plaintiffs' trademarks and trade dress, including without limitation Defendants' Infringing Goods, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of the DEWALT Trademarks and/or the DEWALT Products or any other unauthorized goods that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to

any of Plaintiffs' trademarks or trade dress;

(2)     using the DEWALT Trademarks and trade dress rights or marks confusingly similar thereto;

(3)     using the color combination yellow and black on power tools, battery packs and chargers for power tools, power tool accessories, and the associated packaging;

(4)     advertising (over the Internet, through catalogs, or otherwise), selling, importing, exporting, using, accepting orders for, or offering to sell in the United States power tools, battery packs and chargers for power tools, power tool accessories, and the associated packaging in conjunction with, or under, the yellow and black colors and appearance;

(5)     engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved, or licensed by Plaintiffs, or are affiliated with Plaintiffs;

(6)     causing further confusion with and injury to Plaintiffs' reputation, business, and DEWALT Trademarks, and common law trademarks, including Plaintiffs' yellow and black colors, symbols, labels or other forms of advertisement and trademarks; and

(7)     otherwise competing unfairly with Plaintiffs in any manner and damaging

Plaintiffs' goodwill, reputations, and businesses;

B.    That Plaintiffs be awarded damages in an amount sufficient to compensate them for the injuries they have sustained by reason of Defendants' unlawful acts, including Plaintiffs' loss of goodwill, loss of past and/or future sales, and damages caused by Defendants' acts of trademark and trade dress infringement, unfair competition, false designation of origin, and Illinois state statutory and common law trademark infringement, unfair competition, and deceptive trade practices. That Plaintiffs be awarded increased damages based upon the intentional and willful nature of Defendants' conduct of the kind complained of herein. That Plaintiffs be awarded all gains, profits, and advantages received by Defendants from the sale or advertising of their Infringing Goods and any other products that infringe upon Plaintiffs' trademark and trade dress rights;

C.    That Plaintiffs be awarded Defendants' profits and all additional remedies provided for in 15 U.S.C. § 1117;

D.    That Defendants be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in their possession, custody, or control bearing the DEWALT Trademarks, trade dress, or any other similar designations;

E.    That Defendants be ordered to (a) prepare and send to their customers and the general public corrective statements approved by Plaintiffs, correcting all false statements made and all misrepresentations made concerning the DEWALT Trademarks or trade dress; (b) disclaim any association between Defendants and Plaintiffs and/or Plaintiffs' products; and, (c) recall and make reasonable efforts

28

to obtain the return of any infringing or confusingly similar products from their

customers;

F.       That judgment be entered in favor of Plaintiffs and against Defendants on each

claim made in the Complaint; and

G.       That the Court provide Plaintiffs with such other and further relief as it deems

just and proper, or that Plaintiffs may be entitled to under the law, including but

not limited to attorney fees, costs, and interest.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues presented in this Complaint.


Respectfully submitted,


Dated: June 15, 2022                    */s/ Raymond P. Niro, Jr.*
                                        Raymond P. Niro, Jr.
                                        Kyle D. Wallenberg
                                        NIRO McANDREWS, LLP
                                        155 North Wacker Drive, Suite 4250
                                        Chicago, Illinois 60606
                                        (312) 755-8575
                                        Fax: (312) 674-7481
                                        RNirojr@niro-mcandrews.com
                                        KWallenberg@niro-mcandrews.com

                                        *Attorneys for Plaintiffs,*
                                        Stanley Black & Decker, Inc., The Black &
                                        Decker Corporation, and Black & Decker
                                        (U.S.) Inc. d/b/a DeWalt Industrial Tool Co.